### Oliver W. Hewitt v. Josiah W. Begole.

*Charge of the Court.* A hypothetical charge, which is entirely unsupported by any evidence in the case, is error.

*Heard October 21. Decided October 25.*

Error to Oakland Circuit.

HEWITT *v.* BEGOLE.

This was an action of *assumpsit*, brought into the Circuit Court for the County of Oakland, by appeal from the judgment of a Justice of the Peace, in a case wherein Josiah W. Begole was plaintiff and Oliver W. Hewitt was defendant. The plaintiff declared for the price of a quantity of lumber which had been delivered to one William Bailey, who was then engaged in building a house for the defendant, and for which purpose the lumber so delivered was used. The defendant denied the authority of Bailey to purchase lumber in his name; and the questions for review in this Court arise upon the charge of the Circuit Judge relative to the authority of the agent, and the knowledge of the defendant of the circumstances as to the sale and the purpose to which the lumber was applied.

Under the charge of the Court, the jury rendered a verdict for the plaintiff, and the judgment entered thereon, the defendant below brings into this Court by writ of error.

*O. F. Wisner*, for plaintiff in error.

The effect of the charge was to submit for the determination of the jury questions entirely foreign to the case; questions upon which there was not a particle of evidence; questions no one had raised in the case; questions which the jury had nothing whatever to do with; and from the verdict rendered, they must have been misled by the charge of the Court. "It was a charge without evidence to warrant it."—*Am. Trans. Co. v. Moore, 5 Mich., 363; Glover v. Alcott, 11 Mich., 479.*

I cite, in addition to this case in our Court, *Snyder v. Wilt, 15 Penn., 59; G. & C. U. R. R. v. Jacobs, 20 Ill., 478; Stout v. McAdams, 2 Scam., 68; Harris v. Stouffer, 10 Barr, 363; Montgomery v. Evans, 8 Geo., 183; Mays v. Farish, 11 B., 38; Dula v. Cowles, 4 Jones' Law, 519; McGregor v. Armill, 2 Clarke (Iowa), 30; 39 Me., 568.*

HEWITT *v.* BEGOLE.

*W. B. Jackson,* for defendant in error, cites *Cobb v. Dows, 10 N. Y., 345.*

GRAVES, J.

Begole sued Hewitt before a Justice for the price of a bill of lumber and recovered judgment, and Hewitt appealed.

The case was tried in the Circuit Court before a jury. It appears that Begole resided at Flint, and kept a lumber yard at Birmingham, which was managed by agents; that Hewitt resided at Hudson, but was building a house at Birmingham, on which one Bailey was doing the work; that the lumber sued for was procured by Bailey at Begole's yard, charged to Hewitt, and used on the house during Hewitt's absence. The evidence was conflicting as to statements made by Hewitt to Begole's agents at the yard, about letting Bailey have lumber for the house, and as to instructions given by Hewitt to Bailey about getting lumber; that of Begole tending to show that Hewitt directed Begole's agents to let Bailey have lumber from time to time as he should want, and instructed Bailey to get what he should need to furnish the job; and that of Hewitt, tending to show that he told Begole's agents that he should send money to Bailey to get lumber, and that they must not let him have lumber unless he paid for it, and that he told Bailey not to buy until he sent him the money to buy with.

Evidence was also given that Hewitt sent $30 to Bailey, of which part was used to buy lumber and pay freight on glass for the house, and the balance appropriated by Bailey for his own wages.

The bill of exceptions states that " there was no evidence proving, or tending to prove, that Hewitt knew at the time the lumber was being used upon his house, where and

22 MICH.—5.

how it was obtained, or that it stood charged to him by the plaintiff or his agent."

The Court charged the jury that, if they should find that Bailey was a special agent to buy lumber for Hewitt for cash, and was specially directed not to buy on credit, and that this was known to Begole or his agents; or should find that Begole or his agent knew that Bailey had no authority to buy on credit; or should find that Hewitt furnished Bailey with ready money to buy with, and did not authorize him to obtain lumber on credit, and that this was known to Begole or his agent, then Begole could not recover; that, unless Bailey had authority from Hewitt to purchase lumber on his credit, Hewitt was not liable, and the fact that the lumber was used in Hewitt's house would not, of itself, make him liable therefor. And then, being requested by Begole's counsel to instruct the jury further, the Court subjoined this instruction: "If the jury find from the evidence that said Bailey, acting ostensibly as the agent of the defendant, purchased lumber of the plaintiff's agent for and in the name of his principal, the defendant, and said Bailey used said lumber in constructing the defendant's house, with *knowledge* of the *defendant* at the time it was so being used, where and how it was obtained, and that it stood charged to him by the plaintiff or his agent, and he permitted it to be so used, and said lumber so used was beneficial to the defendant, he cannot deny the agency of said Bailey and defeat this action, but the plaintiff is entitled to recover whatever said lumber is reasonably worth."

This passage in the charge, which presents the main point in the case, was certainly improper. The bill of exceptions states that the substance of all the evidence is set forth, and it therefore appears that material evidence assumed by this charge to have been submitted, was not

given, and, to preclude all question, it is expressly stated in the bill that no such evidence was given at all.

It is, therefore, manifest that the jury was left to find a verdict for defendant in error, upon a state of facts which the charge implied, contrary to the truth of the case.

As for this error, the judgment must be reversed, it is quite unnecessary to notice the objection to the refusal to supplement the charge, as requested by defendant's counsel.

The judgment must be reversed with costs, and a new trial ordered.

The other Justices concurred.